UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket nos. 2:16-cr-00149-GZS |
| | )                2:19-cr-00055-GZS |
| JAMES ROBERTSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 114 in 2:16-cr-00149-GZS & ECF No. 94 in 19-cr-00055-GZS). Having reviewed the Motion, along with all of the other related filings (ECF Nos. 117–19 & 97–99) and the entirety of the two associated dockets, the Court DENIES the Motion.

**I.     LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate." United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

In addition, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). To date,

however, the Sentencing Commission has not issued a policy statement applicable to prisoner-initiated motions for compassionate release.  See United States v. Ruvalcaba, --- F.4th ---, 2022 WL 468925, at *5 (1st Cir. Feb. 15, 2022).  The Commission's current policy statement, U.S.S.G. § 1B1.13, is applicable "only to motions brought by the BOP." Id.  "As a general matter, a district court, reviewing a prisoner-initiated motion for compassionate release in the absence of an applicable policy statement, may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." Id. at *12.  But, U.S.S.G. § 1B1.13 "may serve as a non-binding reference." Id. at *7.

Finally, the Court must consider any applicable factors found in 18 U.S.C. § 3553(a), and "determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case." Id. at *3 (cleaned up); see also 18 U.S.C. § 3582(c)(1)(A). "[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release." United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022); see also, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on section 3553(a) factors despite finding that defendant's medical conditions qualified as extraordinary and compelling in light of the COVID-19 pandemic).

## II. DISCUSSION

Defendant James Robertson, now age 32, has served approximately 30 percent of his 120-month sentence.  He currently is serving his sentence at USP Coleman I and has a projected release date of August 28, 2027.  Presently, USP Coleman I is reporting 9 confirmed active COVID-19 cases among inmates and staff.  There have been no reported inmate deaths due to COVID-19 at

this facility, and a total of 130 inmates and 134 staff are listed as recovered. Additionally, at Coleman FCC, 846 staff members and 5,151 inmates have been fully vaccinated to date.[1]

The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country and has been especially challenging for the BOP. However, it is against this backdrop that a defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. In his Motion, Defendant cites his kidney disease, essential primary hypertension, and asthma as conditions that put him at a higher risk of severe illness from COVID-19. Defendant's filings further suggest he has been diagnosed with epilepsy/seizure disorder, otitis externa, cellulitis, and an ankle injury.

On May 6, 2021, Defendant was offered the opportunity to receive a Pfizer-BioNTech COVID-19 vaccine but declined vaccination. In the Government's view, Defendant's refusal of a vaccine should yield a finding that Defendant cannot meet his burden of demonstrating extraordinary and compelling circumstances warranting compassionate release. In reply, Defendant has expressed concerns over how a COVID-19 vaccine would interact with his conditions, as well as doubts about the efficacy of vaccination.

"[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); see also United States v. Greenlaw, No. 1:18-cr-00098-JAW, 2021 WL 1277958, at *6 & n.6 (D. Me. Apr. 6, 2021) ("[A]n inmate's vaccination refusal—without more—should be considered a factor, among others, against granting a motion for compassionate release if the motion is based on an inmate's risk of contracting COVID-19 while in prison."). The rise of the Delta and Omicron variants has not

---

[1] See https://www.bop.gov/coronavirus/ (last visited 2/28/2022).

3

materially changed this calculus.  See, e.g., United States v. Davidson, No. 1:15-cr-00288-RMB, 2022 WL 484829, at *3 (S.D.N.Y. Feb. 17, 2022) ("While breakthrough infections have occurred in vaccinated people due to the Delta and Omicron variants[,] generalized statements about vaccine efficacy do not amount to extraordinary and compelling circumstances – the vaccine is still highly effective at preventing death and serious injury, even against the Delta and Omicron variants." (cleaned up)).

Here, the Court concludes that Defendant's refusal of vaccination weighs heavily against a finding that he presents extraordinary and compelling circumstances based on his risk of serious illness from COVID-19.  While Defendant's ailments may indeed leave him more vulnerable to serious illness if he contracts COVID-19 while unvaccinated, the CDC's guidance does not suggest those ailments put him especially at risk from complications from vaccination.[2]  Furthermore, all of the FDA-approved or authorized COVID-19 vaccines have been shown to provide substantial protection against COVID-19 hospitalization.[3]  In short, Mr. Robertson's subjective concerns about vaccination are not supported by the available evidence.[4]  Broadfield, 5 F.4th at 803 ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective.").

---

[2] See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 28, 2022).

[3] See CDC, Pfizer-BioNTech COVID-19 Vaccine (also known as COMIRNATY) Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Feb. 28, 2022).

[4] Defendant also raises arguments (1) challenging his conviction and sentence, and (2) asserting deliberate indifference by BOP officials to his serious medical needs.  The Court has considered Defendant's contentions and does not find that they represent "the type of extreme hardship that the compassionate-release statute is designed to ameliorate." Saccoccia, 10 F.4th at 4 (cleaned up).  To be clear, however, this holding does not preclude Defendant, who is proceeding pro se, from pursuing these issues via a different vehicle, for example, a collateral attack under 28 U.S.C. § 2255 or a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Moreover, even if the record supported a finding of extraordinary and compelling circumstances, the Court concludes that the consideration of all of the applicable section 3553(a) factors provides an independent basis to deny this request for a sentence reduction. Critically, in exercising its discretion to grant any sentence reduction, the Court considers "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); see also U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community"). Here, Defendant has demonstrated a clear penchant for recidivism to the Court, committing a second federal drug trafficking offense three years after his first such offense, while still on federal supervised release for the earlier offense. Notably, the drugs Defendant has trafficked have included fentanyl, which has devastated communities in Maine.[5] Furthermore, Defendant has been an active participant in the criminal justice system since he was 18, and his history includes multiple violent offenses. The Court acknowledges Mr. Robertson's expression of remorse, his renunciation of gang activity, his distinct personal characteristics, and his expressed desire to rejoin society as an upstanding citizen; however, the risk Mr. Robertson poses to the public remains too high to warrant his release at this time.

Therefore, the Court hereby DENIES Defendant's Motion (ECF No. 114 in 2:16-cr-00149-GZS & ECF No. 94 in 19-cr-00055-GZS).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 28th day of February, 2022.

---

[5] See, e.g., Office of the Maine AG, Attorney General Releases Drug Overdose Data for 2020 and March-April 2021 (June 23, 2021), https://www.maine.gov/ag/news/article.shtml?id=5041404; Randy Billings, Maine shattered its annual record for overdose deaths in 2021, Portland Press Herald (Jan. 19, 2022), https://www.pressherald.com/2022/01/19/maine-shatters-annual-record-for-overdose-deaths/.